IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **DRUE ALLEN HOLLIS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 4:24-cv-00319-O-BP |
| | § | |
| **CULLEN/FROST BANKERS, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

On April 10, 2024, pro se Plaintiff Drue Allen Hollis ("Hollis"), sued Defendant. ECF No. 1. This is the thirteenth complaint that Hollis has filed in this district since 2021. *See* ECF No. 6 in *Hollis v. Cullen/Frost Bankers, Inc.*, No. 4:24-cv-00143-P. United States District Judge Mark T. Pittman previously found that Hollis was a vexatious litigant and sanctioned him by requiring that he "obtain leave of the court before he is permitted to file any additional complaints in this" Court. ECF No. 15 in *Hollis v. Eyes on Camp Bowie, P.A.*, No. 4:22-cv-01043-P. Hollis has moved for the Court's leave to file this civil action. ECF Nos. 3; 1 at 1.

Hollis styles himself as "Plaintiff for the United States in the best interest of the State of Texas, acting on behalf of the United States and its Department of Justice and on behalf of the Attorney General of Texas." ECF No. 1 at 2.

> [He] seeks to recover monetarily from Defendant on behalf of the United States to compensate the Federal Deposit Insurance Corporation . . . , Resolution Trust Corporation, National Credit Union Administration . . . , Office of Thrift Supervision, Comptroller of the Currency Assessment Fund, RTC Office of the Inspector Genera and Federal Financing Bank[.]

*Id.* at 7. The remainder of Hollis's complaint is devoid of fact allegations and rife with conclusory assertions that Defendant defamed him, violated Title 17, and caused him to be unlawfully arrested. *Id.*

As a pro se litigant, Hollis "is unable to legally act as counsel and/or represent the interests of the United States or others." *Hao Liu v. Wells Fargo Bank*, No. 419CV00849ALMCAN, 2019 WL 7875056, at *3 (E.D. Tex. Dec. 12, 2019), *rec. adopted*, No. 4:19-CV-849, 2020 WL 467766 (E.D. Tex. Jan. 29, 2020). Further, to the extent that Hollis seeks to assert a claim on behalf of himself, his complaint consists of only "bald assertions and allegations unsupported by facts," none of which plausibly state a claim *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir.1992) (conclusory pleadings not sufficient to state a claim for relief). Thus, all of Hollis's claims are groundless, "patently frivolous," and any further amendment of his pleadings would be futile. *Raskin on behalf of JD v. Dall. Indep. Sch. Dist.*, 69 F.4th 280, 287 (5th Cir. 2023).

Accordingly, Judge O'Connor should **DENY** Hollis's Motion for Leave to File a Civil Action (ECF Nos. 1, 3) and **ORDER** the Clerk to administratively close the case.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and

legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on April 26, 2024.

                                                                   _____
                                                                   Hal R. Ray, Jr.
                                                                   UNITED STATES MAGISTRATE JUDGE