# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| DRUE ALLEN HOLLIS, § | |
| *Plaintiff for the* § | |
| UNITED STATES, § | |
| *In the best interest of the* § | |
| STATE OF TEXAS, § | Civil Action Number: 4:24-CV-000319 |
| VS. § | |
| § | |
| CULLEN/FROST BANKERS, INC., § | |
| *Defendant.* § | |

## MOTION TO VACATE AND CORRECT AWARD

I.

Drue Allen Hollis, *Pro Se*, Plaintiff for the United States in the best interest of the State of Texas, respectfully files this Motion To Vacate And Correct Award under title 9 U.S.C. in the interest of Justice and in accordance with the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021.

Attached to this Motion for entry of judgement hereon is a proposed Order To Vacate And Correct Award filed with the clerk along with papers attached hereto under 9 U.S.C. § 13.

II.

This court has Jurisdiction under 9 U.S.C. § 203.

III.

Venue in this matter is proper under 9 U.S.C. § 204.

IV.

Plaintiff respectfully moves the court to vacate the arbitral award issued June 29, 2023 by Defendant Cullen/Frost Bankers, Inc. on the grounds that Defendant specifically agreed to not pay any transaction that would overdraw Plaintiff's Uniform Single-Party Account in accordance with the deposit account agreement entered into January 09, 2023 between Plaintiff and Defendant as charged by Defendant against Plaintiff April 10, 2023 in the amount of $70.00 in the form of an unauthorized overdraft fee.

Defendant continued to charge unauthorized overdraft fees totaling $9,575.00 at the time Defendant closed Plaintiff's Uniform Single-Party Account.

Defendant cited, "night drop deposits and voicemail messages," in its letters to Plaintiff dated June 26, 2023 and June 29, 2023 as its reasons for closing the account, alleging sexual assault and sexual harassment charges against Plaintiff.

V.

Defendant failed to issue any account statements to Plaintiff during the lifetime of Plaintiff's Uniform Single-Party Account.

VI.

Plaintiff respectfully moves the court to correct the June 29, 2023 arbitral award made by Defendant under 9 U.S.C. § 8 to accurately reflect the actions taken by Plaintiff to combat Defendant's failure to abide by its January 09, 2023 agreement with Plaintiff such that the award be equivalent to the night deposits made by Plaintiff into his Uniform Single-Party Account utilizing the checkbook issued to Plaintiff by Defendant at the time he opened his account.

Plaintiff plainly informed Defendant of discrepancies with his account by voicemail messages, including that the account discrepancies coincided with Plaintiff's status as a *Pro Se* litigant, now in conflict. Plaintiff informed Defendant by voicemail message as a regular account holder that he was actively proceeding *Pro Se* in the United States District Court for the Northern District of Texas and of the financial successes he was seeking to achieve.

VII.

The amounts deposited by Plaintiff into his Uniform Single-Party Account by hand-written checks and deposit slips issued to Plaintiff by Defendant January 09, 2023 were determined by the amounts necessary for Plaintiff to be allowed regular use of his Uniform Single-Party Account without further discrepancy, to resolve transaction disputes left unresolved by Defendant and to self-insure while paying rent for a storage unit as a regular customer at a local storage facility; Defendant's unauthorized activity and discrepancies with Plaintiff's account prevented Plaintiff from otherwise enjoying regular use of his account and from otherwise securing renters' insurance by regular means while paying rent at the storage facility, as was necessary to maintain the storage unit.

VIII.

Plaintiff respectfully shows the court that Plaintiff entered into a Uniform Single-Party Deposit Account agreement with Defendant January 09, 2023 as a regular customer and specifically requested that Defendant do not pay any transaction that would overdraw Plaintiff's account if funds were not available to process any such transaction.

Defendant failed to issue any account statements to Plaintiff as evidence to show as proof of discrepancies that began immediately upon entering into said agreement.

Plaintiff obtained transaction statements for his account in person from Defendant after Defendant closed his account. The account statements provide evidence to show as proof that Defendant began charging unauthorized overdraft fees against Plaintiff April 10, 2023.

The checks Plaintiff deposited into his account by night drop deposits acknowledged by Defendant in its letters to Plaintiff dated June 26, 2023 and June 29, 2023 do not appear on any account statements and Plaintiff's account confirmed as closed by Defendant June 29, 2023, closed showing no transactions processed as non-sufficient funds, including two (2) separate checks written by Plaintiff that were delivered and sent to two (2) separate local businesses.

IX.

Plaintiff prays that the court find the June 29, 2023 arbitral award made by Defendant to Plaintiff in connection with the account opened by Plaintiff with Defendant by agreement signed January 09, 2023 to be unfair; that the court issue an order to vacate and correct the award in the interest of Justice.

Respectfully submitted on this 26th day of February 2025.

*(signature)*
Drue Allen Hollis, *Pro Se*
*Plaintiff for the United States*
*In the best interest of the State of Texas*

Drue A. Hollis, *Pro Se*
501 W. 10th St., Ste. B21
Fort Worth, TX 76102-3658
United States
(682) 201-7420
*Plaintiff for the United States*
*In the best interest of the State of Texas*